Wilmington Trust N.A. v Nelson (2024 NY Slip Op 02388)

Wilmington Trust N.A. v Nelson

2024 NY Slip Op 02388

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, Rosado, O'Neill Levy, JJ. 

Index No. 654750/21 Appeal No. 2184 Case No. 2022-05378 

[*1]Wilmington Trust National Association, etc., Plaintiff-Respondent,
v
Jeffrey C. Nelson, Defendant-Appellant.

Butler, Fitzgerald, Fiveson & McCarthy, New York (David K. Fiveson of counsel), for appellant.
Perkins Coie LLP, New York (Jeffrey D. Vanacore of counsel), for respondent.

Order, Supreme Court, New York County (Barry R. Ostrager, J.) entered on or about November 15, 2022, which, after a hearing, determined that defendant authorized the execution of the guaranty of recourse obligations dated December 31, 2015 that bears his signature, unanimously affirmed, with costs.
Supreme Court properly determined, after a hearing, that defendant authorized his counsel to affix his signature to the December 31, 2015 guaranty. The sole issue at the hearing was whether defendant authorized the execution of the guaranty, which, he acknowledged at the hearing, bears his authentic signature. Defendant does not dispute that he authorized his counsel to affix his signature to the loan documents as the nonparty borrower's member but maintains that he did not authorize his counsel to affix his signature to his guaranty, and Supreme Court improperly conflated the two. However, the evidence at the hearing showed that defendant was aware that the loan was conditioned upon the execution of his guaranty, that he sent his counsel the signature pages for the guaranty while awaiting the final changes, and he acknowledged that he never reviewed the final closing package containing the finalized loan documents and guaranty bearing his signature to confirm that his requested changes had been made. We therefore reject his contention that he is not bound by the guaranty based on his failure to review the final terms of the guaranty (see DB 232 Seigel Mezz LLC v Moskovits, 223 AD3d 610, 611 [1st Dept 2024]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024